**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**SCOT CLENDENIN,**

    **Plaintiff,**

**v.**                                                                                                                 **No. 20-cv-0112 SMV**

**ANDREW SAUL,**
**Commissioner of the Social Security Administration,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Claimant's Motion to Reverse the Administrative Law Judge (ALJ) Unfavorable Decision Dated March 15, 2019 or Alternatively to Remand the Case Back to the Appeals Council [Doc. 21] and the Memorandum in Support [Doc. 22] (collectively, "Motion"), both filed on September 1, 2020. The Commissioner responded on November 30, 2020. [Doc. 26]. Plaintiff replied on December 14, 2020. [Doc. 27]. The parties have consented to my entering final judgment in this case. [Doc. 12]. Before this Court, Plaintiff bears the burden of showing either that the Administrative Law Judge did not apply the correct legal standards or that his findings were not supported by substantial evidence. Having meticulously reviewed the entire record and being fully advised in the premises, I find that Plaintiff fails to meet that burden. Accordingly, the Motion will be denied, and the Commissioner's final decision, affirmed.

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied.  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008).  If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).  Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner.  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118.  The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.*  While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981.  This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

2

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

**Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five step sequential evaluation process ("SEP"). 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits on May 22, 2017. Tr. 15. He alleged a disability-onset date of May 1, 2014. *Id.* His claim was denied initially and on reconsideration. *Id.* Administrative Law Judge ("ALJ") Michael Mannes held a hearing on February 4, 2019, in McAlester, Oklahoma. Tr. 15, 35. Plaintiff appeared by videoconference from Las Cruces, New Mexico with his attorney. Tr. 15, 35. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Melissa Brassfield, who appeared by telephone. Tr. 35.

The ALJ issued his unfavorable decision on March 15, 2019. Tr. 26. He found that Plaintiff met the insured status requirements through December 31, 20219. Tr. 17. At step one, he found that Plaintiff had not engaged in substantial gainful activity since May 1, 2014, the alleged onset date. *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: dysfunction of major joints, depression, bipolar, anxiety, obsessive-compulsive disorder, and somatic symptom disorder. *Id.* The ALJ further found that Plaintiff's hearing loss and migraine headaches were not severe. Tr. 17–18. At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 18–19. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 20–24. The ALJ found that Plaintiff had:

> the [RFC] to perform to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except occasionally climbing ramps or stairs; never climbing ladders, ropes or scaffolds; frequently balancing; occasionally stooping; kneeling, crouching or

4

>crawling; able to understand, remember and carryout [sic] simple instructions with routine supervision; occasional interaction with supervisors and co-workers; no interaction with the general public; must alternate sitting and standing every 20 to 30 minutes throughout the workday in order to change position for a brief positional change of less than five minutes but without leaving the work station; and time off task can be accommodated by normal work breaks.

Tr. 20.

At step four, the ALJ found that Plaintiff could not return to his past relevant work as a teacher aid or sports instructor. Tr. 24. Accordingly, the ALJ proceeded to step five. Tr. 24–25. The ALJ considered Plaintiff's RFC, age, education, work experience, and the testimony of the VE. *Id.* He found that Plaintiff could perform the duties of small product assembler, electrical accessory assembler, and mail sorter. Tr. 25. He further found that such jobs existed in significant numbers in the national economy, and therefore, Plaintiff was not disabled. *Id.* The Appeals Council denied review on December 28, 2019. Tr. 1–3. Plaintiff timely filed the instant action on February 7, 2020. [Doc. 1].

## Discussion

Plaintiff urges nine points of error, but none is meritorious. Plaintiff fails to show that the ALJ applied any incorrect legal standard. Further, Plaintiff fails to show that the ALJ's decision is not supported by substantial evidence. Remand is not warranted.

First, Plaintiff argues that considering together the medical records and the fact that the ALJ found six severe impairments at step two, he should be considered disabled. [Doc. 22] at 2, 5; [Doc. 27] at 1. This is the entirety of the argument. The Court is not persuaded. Disability under the Social Security Act is not determined by meeting a threshold number of severe impairments at

step two. Rather, disability is determined by the five-step SEP. § 404.1520; *Yuckert*, 482 U.S. at 140. The argument is without merit.

Second, Plaintiff complains that although the ALJ recognized his severe "dysfunction of major joints," the ALJ erroneously ignored its limiting effects. [Doc. 22] at 2, 5. Plaintiff cites to various medical notes and reports to show "the extreme nature" of this impairment. *Id.* at 5–6; [Doc. 27] at 1–2. Plaintiff fails to show that remand is warranted. Plaintiff must show that the ALJ's findings are not supported by substantial evidence or that the ALJ applied an incorrect legal standard. *See Maes*, 522 F.3d at 1096. Plaintiff's arguments show neither.

Third, Plaintiff complains that although the ALJ accorded persuasive weight to the opinion of consultative examiner, Dr. Manole, the ALJ improperly rejected portions of the opinion without explanation. [Doc. 22] at 2, 7–8. The Court disagrees. Dr. Manole assessed Plaintiff with mild limitations in standing, lifting, carrying, bending, and squatting. Tr. 376. Dr. Manole assessed no limitations in all other areas of functioning (sitting, walking, reaching, handling, feeling, grasping, visual, communicating, environmental). Tr. 375–76. The ALJ found that Plaintiff could perform a limited range of light work, including certain postural limitations[3] and a sit-stand option every 20 minutes. Tr. 20. The Court finds that the RFC assessment adequately incorporates Dr. Manole's opinion.

---

[3] The specific postural limitations included in the RFC assessment are:

> [no more than] occasionally climbing ramps or stairs; never climbing ladders, ropes or scaffolds; frequently balancing; occasionally stooping; kneeling, crouching or crawling; . . . must alternate sitting and standing every 20 to 30 minutes throughout the workday in order to change position for a brief positional change of less than five minutes but without leaving the work station; and time off task can be accommodated by normal work breaks.

Tr. 20.

Plaintiff argues that the ALJ erred in failing to incorporate "the most significant aspects of Dr. Manole's findings and conclusion," [Doc. 22] at 7, but the Court is not persuaded. Plaintiff points to the portion of the doctor's report labeled "Claimant Reported History of Present Illness," which contains Plaintiff's self-assessment of his symptoms. Plaintiff argues that these self-assessments constitute Dr. Manole's opinion and, as such, should have been incorporated into the RFC assessment. *Id.* at 7–8 (quoting Tr. 366–67). The Court disagrees that this section of the report contains any of the doctor's assessed limitations. But even assuming *arguendo* that the "Claimant Reported History of Present Illness" section contained any part of Dr. Manole's opinion, there would still be no reversible error. This is because the sections of the report labeled "Assessment" and "Limitations," which show no more than mild functional limitations, Tr. 375–76, constitute substantial evidence to support the ALJ's RFC assessment.

Fourth, Plaintiff argues that the ALJ erred in failing to find his hearing loss to be severe at step two of the SEP. [Doc. 22] at 8–9. Even if Plaintiff were correct, which the Court does not necessarily find, such error would not trigger remand, because the ALJ found other severe impairments and proceeded past step two in the SEP. The argument fails as a matter of law. *See Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016).

Fifth, Plaintiff argues that the ALJ abused his discretion in finding that Plaintiff did not meet Listing 12.04 for depressive disorder. [Doc. 22] at 9–11; *see* [Doc. 27] at 3. Abuse of discretion is not the applicable standard of review in social security appeals, and thus, Plaintiff's argument is without merit. Further, Plaintiff fails to show that the ALJ applied an incorrect legal standard in evaluating Listing 12.04. Lastly, Plaintiff fails to show that the ALJ's step-three findings lack substantial evidentiary support. Plaintiff argues that the evidence of marked

limitations in at least two areas of mental functioning is "overwhelming." [Doc. 22] at 10. In support, Plaintiff provides excerpts from two mental health notes, which reflect abuse and neglect as a child and symptoms of anxiety and depression as an adult. *Id.* at 10–11. On review of the evidence identified by Plaintiff, the Court is not persuaded. The evidence identified by Plaintiff could support more restrictive findings, but it also could support the ALJ's step-three findings. Plaintiff fails to show that the ALJ's step-three findings are not supported by substantial evidence. Remand is not appropriate.

Sixth, Plaintiff argues that the ALJ "failed to consider" his severe medically determinable impairments in combination. [Doc. 22] at 11; *see* [Doc. 27] at 3–4. Plaintiff points to the six severe impairments found by the ALJ at step two and argues that "[i]t is clear that a combination of any or all of these impairments would require a finding of disability." [Doc. 22] at 11. The ALJ described his duty to consider all impairments in combination. Tr. 15 ("Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or *combination of impairments* . . . .") (emphasis added); Tr. 16 ("In making [the RFC] finding, I must consider *all* of the claimant's impairments, including impairments that are not severe") (emphasis added). The ALJ explicitly stated that he had considered all the evidence of record. Tr. 15 ("After careful consideration of all the evidence . . . ."); Tr. 17 ("After careful consideration of the entire record . . . ."); Tr. 20 ("In making this finding, I have considered all symptoms . . . ."). The Court takes him at his word. *See Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) ("Where, as here, the ALJ indicates he has considered all the evidence our practice is to take the ALJ at his word.") (internal quotation marks and brackets

omitted). Plaintiff fails to show application of an incorrect legal standard and also fails to show factual findings without substantial evidentiary support.

Seventh, Plaintiff argues that the ALJ erred in finding that he could perform other work at step five. [Doc. 22] at 12–13. Although the argument is not explicit, it appears that Plaintiff takes issue with the step-five finding that he can perform certain *light* jobs. *See id.* The RFC assessment found by the ALJ contemplates a limited range of light, unskilled work. Tr. 20. Based on the RFC assessment, the VE testified that a hypothetical individual in Plaintiff's circumstances could preform the duties of small products assembler, electrical accessory assembler, and mail sorter. Tr. 66–68. Based on the VE's testimony, the ALJ found that Plaintiff could perform such work and that it existed in significant numbers in the national economy. Tr. 25. The testimony of the VE constitutes substantial evidence to support the ALJ's findings at step five. *See Ellison v. Sullivan*, 929 F.2d 534, 537 (10th Cir. 1990). Plaintiff fails to show error.

Eighth, Plaintiff argues that remand is warranted because the Appeals Council failed to provide adequate reasoning for denying review. [Doc. 22] at 13. The Appeals Council need not provide any reasoning. *Martinez v. Barnhart*, 444 F.3d 1201, 1207–08 (10th Cir. 2006). Remand is not warranted on this ground.

Finally, it appears that Plaintiff challenges the ALJ's evaluation of Plaintiff's own subjective reports about his symptoms. *See* [Doc. 27] at 2 (referring to the "intensity, persistence, and limiting effects" of Plaintiff's impairments), 3–4 (same), 5 (same), 12 (same). As explained below, Plaintiff's arguments are not persuasive.

In evaluating the symptoms reported by a claimant, the ALJ utilizes a two-step process. Social Security Ruling ("SSR") 16-3p, 2016 SSR LEXIS 4, at *5–10. First, the ALJ determines

whether the claimant has a medically determinable impairment that could reasonably be expected to produce the reported symptoms. *Id.* at *5. Second, the ALJ evaluates the "intensity and persistence" of the symptoms, such as pain, and determines the extent to which the symptoms limit the claimant's ability to perform work-related activities. *Id.* at *9. In considering the "intensity, persistence, and limiting effects" of a claimant's symptoms, the ALJ examines "the entire case record." *Id.* at *9–10. For example, the ALJ should consider the claimant's:

    1. Daily activities;

    2. The location, duration, frequency, and intensity of pain or other symptoms;

    3. Factors that precipitate and aggravate the symptoms;

    4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

    5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

    6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

    7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id.* at 18–19; *see* 20 C.F.R. § 1529(c)(3)(i)–(vii) (2011).

If the claimant's "statements about the intensity, persistence, and limiting effects" of his symptoms are consistent with the evidence of record, the ALJ will determine that the symptoms are "more likely to reduce [his] capacities to perform work-related activities." SSR 16-3p, 2016 SSR LEXIS 4, at *20. If they are not consistent, the ALJ will find that symptoms are "less likely to reduce [his] capacities to perform work-related activities." *Id.* Moreover, the ALJ will consider the claimant's attempts to seek medical treatment for his symptoms, whether he has followed the

recommended treatment, as well as the possible reasons for lack of treatment compliance. *Id.* at *22–23.

The ALJ's decision must contain more than conclusory findings. *Id.* at *26. A recitation of the factors is not adequate. *Id.* "The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.*

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff]'s statements concerning the intensity, persistence[,] and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record."[4] Tr. 20–21. Plaintiff disagrees. Plaintiff urges that his "statement[s] . . . are entirely consistent with the medical evidence and other evidence." [Doc. 22] at 12 (citing *id.* at 5–11 (arguments numbered one through five)). To support his position, Plaintiff points to the first five numbered arguments in his brief, which correspond to the numbered points herein, but he does not further elaborate. [Doc. 22] at 5–11 (arguments numbered one through five). The Court is not persuaded.

Plaintiff's arguments numbered one through five fail to show that the ALJ applied an incorrect legal standard in evaluating the Plaintiff's subjective reports about his symptoms.

---

[4] The ALJ went on to explain that "the evidence of [Plaintiff]'s daily activities along with the objective medical evidence discussed [earlier in the decision] establishe[d] [Plaintiff] has a greater sustained capacity than he alleges." Tr. 23. For example, the ALJ found that Plaintiff was able to help take care of his father, could take medications without reminders, drive, shop in stores, and watch television daily. Tr. 20. Plaintiff fails to show that these findings are legally inadequate or unsupported substantial evidence.

Further, Plaintiff's arguments numbered one through five fail to show that the ALJ's findings are not supported by substantial evidence. The question before this Court is whether the ALJ's findings are supported by substantial evidence, not whether the evidence could support another outcome more favorable to Plaintiff. Even if Plaintiff's arguments numbered one through five demonstrated that his own subjective reports of his symptoms were consistent with the record, which the Court does not necessarily find, remand would still not be warranted. *See Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence."). To trigger remand, Plaintiff would have to show that the finding at issue was not supported by substantial evidence. He does not. Plaintiff's arguments fail to show that remand is appropriate.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Claimant's Motion to Reverse the Administrative Law Judge (ALJ) Unfavorable Decision Dated March 15, 2019 or Alternatively to Remand the Case Back to the Appeals Council [Doc. 21] be **DENIED**. The Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**